**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**SARA ROMEO,**

      **Plaintiff,**

                                                    **CASE NO.:**

**v.**

**TAMPA CROSSROADS, INC.,**

      **Defendant.**

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, SARA ROMEO, by and through undersigned counsel, brings this action against Defendant, TAMPA CROSSROADS, INC. and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1.     This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 621 et seq..

2.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq.

3.     Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

**PARTIES**

4.      Plaintiff is a resident of Hillsborough County, Florida, and she worked in Hillsborough County.

5.      Defendant operates a non-profit organization in Hillsborough County.

**GENERAL ALLEGATIONS**

6.      This is an action to recover damages suffered by Plaintiff while employed by Defendant, when Defendant interfered with Plaintiff's rights under the FMLA and the ADEA and retaliated against Plaintiff for exercising these same rights.

7.      Plaintiff was an employee of Defendant, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

8.      Thus, Plaintiff was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

9.      Defendant is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4).

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

11.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADEA.

12.     At all times material hereto, Defendant employed twenty (20) or more employees. Thus, Defendant is an "employer" within the meaning of the ADEA.

13.     Plaintiff has satisfied all conditions precedent, or they have been waived.

14.     Plaintiff has retained the undersigned attorneys and agreed to pay them a fee.

15.     Plaintiff requests a jury trial for all issues so triable.

## FACTS

16.     Plaintiff began working for Defendant on or around January 1, 2003.

17.     Plaintiff is a 71 year old woman who suffers from a disability/handicap under the FCRA and was subjected to disparate treatment on the basis of her age and disability.

18.     Thus, Plaintiff is a member of a protected class, and as such benefits from the protections of the FCRA.

19.     Plaintiff performed the job for which she was hired in a satisfactory manner.

20.     Plaintiff is able to perform the essential functions of the job for which she was hired by Defendant with or without accommodation.

21.     Plaintiff required an accommodation of her handicap/disability.

22.     On or around May 23, 2020, Plaintiff suffered a serious health condition within the meaning of the FMLA.

23.     On or around May 23, 2020, Plaintiff submitted proper medical documentation to Defendant in support of her FMLA leave request to care for herself.

24.     On or around May 23, 2020, Plaintiff requested an accommodation. Specifically, Plaintiff requested a brief medical leave of absence.

25.     Defendant refused to engage in an interactive discussion regarding Plaintiff's request for accommodation and placed her on administrative leave because of her request.

3

26.     Defendant repeatedly made comments about Plaintiff's age, asked her when she was going to retire, and told her "You're past retirement age, we want to have a succession plan in place."

27.     Thus, Plaintiff was subjected to disparate treatment on the basis of her age and her disability/handicap.

28.     On or about June 13, 2020, Plaintiff's employment was terminated for failure to provide notice of absence from work.

29.     Plaintiff exercised her rights under the FMLA by filing for and utilizing FMLA leave.

30.     Defendant's termination of Plaintiff's employment violated Plaintiff's rights under the FMLA, FCRA and the ADEA.

## COUNT I – FMLA INTERFERENCE

31.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as fully set forth herein.

32.     Plaintiff required time off from work to care for herself, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

33.     By terminating Plaintiff's employment for Plaintiff's FMLA protected absences from work, Defendant interfered with Plaintiff's FMLA rights, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

34.     Defendant's actions were willful and done with malice.

35.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant interfered with Plaintiff's rights in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT II – FMLA RETALIATION

36.     Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 30 of this Complaint, as fully set forth herein.

37.     Plaintiff required time off from work to care for, because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

38.     Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

39.     Defendant retaliated against Plaintiff for engaging in protected activity under the FMLA by terminating her employment.

40.     Defendant's actions were willful and done with malice.

41.     Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b)     An injunction restraining continued violation of the FMLA by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e)     Front pay;

(f)     Liquidated Damages;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

### COUNT III – ADEA VIOLATION

42.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

43.     As an individual who is over forty years of age, Plaintiff is a member of a protected class under the ADEA.

44.     Plaintiff was subjected to disparate treatment based on her age.

45.     Defendant's actions were willful and done with malice.

46.     Plaintiff was injured due to Defendant's violations of the ADEA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     An injunction restraining continued violation of the ADEA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to her prior position with back pay plus interest, or in the alternative, front pay;

(f)     Liquidated damages in an amount equal to Plaintiff's total damages;

(g)     Prejudgment interest on all monetary recovery obtained.

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA VIOLATION
### (HANDICAP DISCRIMINATION)

47.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

48.     Plaintiff is a member of a protected class under the FCRA.

49.     Plaintiff was subjected to disparate treatment on the basis of her handicap, disability, and/or perceived handicap/disability.

50.     Defendant's actions were willful and done with malice.

51.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(e)     Any other compensatory damages, including emotional distress, allowable at law;

(f)     Punitive damages;

(g)     Prejudgment interest on all monetary recovery obtained.

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT V—FCRA VIOLATION
## (DENIAL OF REASONABLE ACCOMMODATION)

52.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

53.     Plaintiff has a handicap, or was perceived by Defendant as having a handicap.

54.     Defendant failed to provide Plaintiff with a reasonable accommodation for her handicap, and shortly thereafter, terminated her employment.

55.     Defendant's actions were willful and done with malice.

56.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE** Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issues and that this Court take jurisdiction over the case;

(c)     An injunction restraining continued violation of  the law enumerated herein;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)     Compensatory damages, including emotional distress, allowable at law;

(g)     Punitive damages;

(h)     Prejudgment interest on all monetary recovery obtained;

(i)     All costs and attorney's fees incurred in prosecuting these claims; and

(j)     For such further relief as this Court deems just and equitable.

## COUNT VI – FCRA RETALIATION

57.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

58.     Plaintiff is a member of a protected class under the FCRA.

59.     Plaintiff engaged in protected activity under the FCRA by making a reasonable accommodation request.

60.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA.

61.     Specifically, Defendant failed or refused to engage in an interactive discussion about accommodations, and subsequently denied Plaintiff a reasonable accommodation that would have permitted Plaintiff to perform all of the essential functions of her job with Defendant.

62.     Defendant's actions were willful and done with malice.

63.     Defendant took material adverse action against Plaintiff.

64.     Plaintiff was injured by Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a declaratory judgment against Defendant, stating that Defendant retaliated against Plaintiff for exercising her rights under the FCRA;

(d)     Compensation for lost wages, benefits, and other remuneration;

(e)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f)     Front pay;

(g)     Any other compensatory damages, including emotional distress, allowable at law;

(h)     Punitive damages;

(i)     Prejudgment interest on all monetary recovery obtained.

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

<u>**COUNT VII – FCRA VIOLATION**</u>
**(AGE DISCRIMINATION)**

65.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

66.     Plaintiff is a member of a protected class under the FCRA.

67.     Plaintiff was subjected to disparate treatment on account of her age, including termination of Plaintiff's employment.

68.     Defendant's actions were willful and done with malice.

69.     Plaintiff was injured due to Defendant's violations of the FCRA, for which she is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a)  A jury trial on all issues so triable;

(b)  That process issue and this Court take jurisdiction over the case;

(c)  Compensation for lost wages, benefits, and other remuneration;

(d)  Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

(e)  Any other compensatory damages, including emotional distress, allowable at law;

(f)  Punitive damages;

(g)  Prejudgment interest on all monetary recovery obtained.

(h)  All costs and attorney's fees incurred in prosecuting these claims; and

(i)  For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 26th day of January, 2021.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar Number:  0053643
**Wenzel Fenton Cabassa P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile No.: 813-229-8712
Email: lcabassa@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**